FILED
2010 Nov-23 PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SEVERO PEREZ,** | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] |
| | ]   CV-10-1532-S |
| **MARGARITA GRILL, LLC,** | ] |
| **and JAVIER JEREZ** | ] |
| | ] |
| Defendant. | ] |
| | ] |
| | ] |

## **MEMORANDUM OPINION**

This FLSA matter is before the court on Defendants' "Motion to Dismiss and/or Motion for Summary Judgment" (doc. 6). The focus of this motion is whether Defendant Javier Jerez falls within the definition of "employer" within the meaning of the FLSA. If he does not, he cannot be held individually liable for any alleged violations of the FLSA. For the reasons stated in this opinion, the motion and alternative motion are due to be DENIED.

Section 203 of the FLSA "broadly defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting 29 U.S.C. § 203(d)). The determination of whether an individual meets the FLSA's definition of employer "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Id*. (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (internal quotation marks and citations omitted). The Eleventh Circuit has "recognized that

'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Alvarez Perez,* 515 F.3d at 1160 (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal quotation marks and citation omitted)). To have operational control of the enterprise and qualify as an employer, the individual "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638.

In the instant case, the Complaint alleges that Defendant Jerez "exercised supervisory control over the plaintiff, exercised control over the pay the plaintiff received and exercised control over the defendant, Margarita Grill, LLC." (Compl., doc. 1, at 2 ¶ 10). The court finds that these allegations state a claim against Defendant Jerez as an employer within the meaning of FLSA, and thus, to the extent the court treats this filing as a motion to dismiss, it is due to be DENIED.

The court notes, however, that the motion is styled alternatively as a motion for summary judgment and attaches the affidavit of Javier Jerez as evidentiary support. In his affidavit, Jerez denies that he employs Perez; however, he acknowledges that he is a member of Margarita Grill, LLC and does not dispute the allegations of the Complaint and further, does not specifically dispute that he had direct responsibility for supervising Perez or was involved in the Margarita Grill's day-to-day operations.

When a motion to dismiss presents matters outside the pleadings and the district court does not exclude them, the court must treat the motion as one for summary judgment under Rule 56, and must give all parties a reasonable opportunity to present all the material that is pertinent

to the motion. Fed. R. Civ. P. 12.

The determination of whether Jerez is an employer and is a proper defendant in this FLSA case is a question dependent upon the extent of his involvement in Margarita Grill's day-to-day operations and/or his supervisory responsibilities. The court is not convinced that Defendant Jerez has presented sufficient evidence in his affidavit to establish that he is entitled to summary judgment on this issue. In any event, at this early stage of the proceedings, when discovery is not completed, the court cannot say that Perez has had a reasonable opportunity to develop facts pertinent to this issue. Accordingly, the court will EXCLUDE Jerez's affidavit and finds that the alternative motion for summary judgment is due to be DENIED without prejudice to its being re-filed after Perez has had further opportunity to conduct discovery on this issue.

DONE AND ORDERED this 23rd day of November, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE